UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JEFFREY POTOCZEK,

    Plaintiff,

v.                                                       Case No. 3:19-cv-03452-TKW-HTC

HOWARD PATRICK and
BARBARA J. PATRICK,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

This matter comes before the Court on Defendants' *pro se* Motion to Dismiss the complaint for improper venue.[1] ECF Doc. 12. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Upon careful review and consideration of the complaint, motion, and response in opposition (ECF Doc. 13), and for the reasons set forth below, the undersigned recommends the motion be DENIED.

Plaintiff Jeffrey Potoczek brings this action against Defendants, husband and wife, Howard and Barbara Patrick, under this Court's diversity jurisdiction, 28

---

[1] Defendants filed their respective answers to the complaint on December 18, 2019. ECF Docs. 9, 10. Defendants' answers allege improper venue, lack of personal jurisdiction, and lack of subject matter jurisdiction in this matter.

U.S.C. § 1332, for rescission, breach of contract, and negligent misrepresentation arising out of the sale and purchase of an aircraft. ECF Doc. 1. Defendants argue in their motion that venue in Florida is improper. Although Defendants style their motion as one based on lack of venue, Defendants also appear to be raising jurisdictional issues. Specifically, Defendants appear to contest that this Court has personal jurisdiction over them or subject matter jurisdiction over this action. Because the Court is required to read Defendants' *pro se* motion liberally, the undersigned will address both jurisdiction and venue.

## I. SUBJECT MATTER JURISDICTION

To establish diversity jurisdiction under § 1332, Plaintiff must allege facts sufficient to show that (1) Plaintiff and Defendants are citizens of different states and (2) that the amount in controversy is greater than $75,000. *See* 28 U.S.C. § 1332(a)(1). With regard to diversity of citizenship, Plaintiff alleges in the complaint that he is a resident of Florida and that Defendants are residents of either Arkansas or Illinois. ECF Doc. 1 at 1-2. In their answers to the complaint, Defendants state that they are residents of Arkansas *and* Illinois, ECF Docs. 9, 10 at 4, and they do not contest that Plaintiff is a resident of Florida. Thus, this action is between citizens of different states.

Defendants, however, contest the amount in controversy has been met. In their motion, Defendants state "there is no documentation to support the claims of

additional expenses"; that they "agreed to no other expenses"; that they never got an estimate from Plaintiff for other expenses; and that "this does not meet the minimum requirement of $75,000." ECF Doc. 12 at 3-4. Whether Defendants are obligated to compensate Plaintiff for repairs he allegedly made to the aircraft is one of the issues in dispute, and the basis for Plaintiff's claims. It is irrelevant for purposes of determining the amount in controversy whether Plaintiff will ultimately be able to prevail on this claim. What is relevant is whether the Plaintiff *seeks* damages in excess of the jurisdictional limit, not whether the Plaintiff will actually recover sufficient damages. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 751, 751 (11th Cir. 2010) ("the plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover").

Plaintiff alleges in his complaint that the cost of the aircraft was $55,100.00. This cost is not disputed by the Defendants. Plaintiff also alleges that he has spent $20,398.35 in repairs on the aircraft to address issues that are part of his rescission and misrepresentation claims. These same amounts were also included in a pre-suit demand letter sent to Defendants. *See Golden Apple Mngmt. Co. v. Geac Computers, Inc.*, 990 F.Supp. 1364, 1368 (M.D. Ala. 1998) (relying on pre-suit demand which contained "specific information … to support" claim for damages as reasonable assessment of value of the claim for diversity purposes). These amounts

equal $75,498.35. Thus, the undersigned finds that Plaintiff has met his burden of establishing the amount in controversy exceeds $75,000.00. *See S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) ("[w]hat counts is the amount in controversy at the time of removal").

Accordingly, the undersigned finds that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## II. PERSONAL JURISDICTION

For this Court to have personal jurisdiction over Defendants, who are non-residents: (1) Florida's long-arm statute must provide a basis for exercising jurisdiction; and (2) exercising jurisdiction must comport with the Due Process Clause of the Fourteenth Amendment. *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013); *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) (setting forth 2-step analysis). The extent of the long-arm statute is governed by Florida law, and federal courts are required to construe it as would the Florida Supreme Court. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996) (citation omitted).

Florida's long-arm statute, Fla. Stat. 48.193, subjects any person who commits a tortious act within the state to the jurisdiction of Florida. *See* Fla. Stat. § 48.193(1)(a)(2). Plaintiff alleges in the complaint that Defendants committed negligent misrepresentation in this state, namely by (1) signing off in the logbook,

after delivering the aircraft to Milton, Florida, that the annual inspection had been completed and that the emergency landing gear worked; (2) removing the battery box's cover and telling Plaintiff he would take care of it; and (3) telling Plaintiff "if you find anything wrong [with the aircraft], let me know and I'll take care of it." ECF Doc. 1 at ¶s 18-20.  Those facts are sufficient to fall within the language of section 48.193.  *See Bedsworth v. Rosen,* 721 So.2d 450 (Fla. Dist. Ct. App. 1998) (recognizing fraud as satisfying the "tortious act" provision of the Florida Long–Arm Statute); *8100 R.R. Ave. Realty Trust v. R.W. Tansill Const. Co.*, 638 So.2d 149, 151 (Fla. Dist. Ct. App. 1994) (same).  Thus, the undersigned finds that Defendants had "minimum contacts" with Florida.[2]

Additionally, the undersigned finds that exercising jurisdiction over Defendants does not offend "traditional notions of fair play and substantial justice" attendant with due process requirements.  *International Shoe Co. v. Washington,* 326 U.S. 310 (1945); *Madara*, 916 F.2d at 1515-16.  Due process requires the defendant

---

[2] The undersigned also finds applicable the following other provisions of the long-arm statute: "(6) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either: (a) The defendant was engaged in solicitation or service activities within this state; or (b) Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use; and (7) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state."  Fla. Stat. §§ 48.193(1)(a)6 and (1)(a)7; *see Control Laser Corp. v. Rocky Mountain Instrument Co.*, 130 F.Supp. 2d 1344, 1346 (M.D. Fla. 2000) (finding applicable Florida's long arm statutes where defendant negotiated with Plaintiff via phone calls, correspondence and facsimile sent to Florida, contracted with a Florida resident for delivery of a finished product to the Florida resident in Florida, and accepted payments sent from Florida).

have "fair warning" that a particular activity may subject him to the jurisdiction of a foreign sovereign. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985). This fair warning requirement is satisfied if the defendant has "purposefully directed" his activities at the forum, *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774, (1984), and the litigation results from alleged injuries that "arise out of or relate to" those activities. *Burger King,* 471 U.S. at 472 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 (1984)). Additionally, the defendant's conduct and connection with the forum must be of a character that he should reasonably anticipate being haled into court there. *Burger King,* 471 U.S. at 474.

Because the Court is deciding this matter without an evidentiary hearing, the Plaintiff bears the initial burden of pleading sufficient material facts to establish a prima facie case of personal jurisdiction. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000). A plaintiff establishes a prima facie case of personal jurisdiction when it presents sufficient evidence to withstand a motion for directed verdict. *Internet Solutions Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009) (citing *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006)). "The district court must accept the facts alleged in the complaint as true, to the extent that they are uncontroverted by the defendant's affidavits." *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990) (citations omitted).

Additionally, "[w]here there is conflicting evidence, the Court must construe all reasonable inferences in favor of the plaintiff." *See Control Laser Corp.*, 130 F.Supp.2d at 1345.

In the Plaintiff's complaint, he alleges that Defendants advertised the sale of an aircraft via eBay and that advertisement was viewed by him in Florida. Plaintiff further alleges that Defendants negotiated the sale with him through various email and telephone communications that were directed at him when he was in Florida. Plaintiff further alleges that he executed the Bill of Sale in Florida. Additionally, Plaintiff alleges Defendants delivered the aircraft to him in Florida, and made misrepresentations to him in Florida when the aircraft was delivered. Accepting these allegations as true, the undersigned finds that Plaintiff has met his burden of establishing this Court's personal jurisdiction over the Defendants.

Having met his burden, "defendant[s] then must raise[], through affidavits, documents or testimony, a meritorious challenge to personal jurisdiction." *Internet Solutions Corp.*, 557 F.3d at 1295. Defendants, however, have not provided any affidavits, documents or testimony to dispute Plaintiff's factual allegations. Although Defendants dispute that they made any misrepresentations, Defendants do not dispute that they advertised the aircraft though a medium that would be seen by a Florida resident; that they negotiated the sale of the aircraft through calls and emails sent into Florida; or that Plaintiff executed the Bill of Sale in Florida.

Additionally, although Defendants take issue with *why* the aircraft was delivered to Florida (Plaintiff contends it was Defendants' suggestion and Defendants contend it was an accommodation to Plaintiff, who initially offered to pick up the aircraft in Arkansas), they do not dispute that they delivered the aircraft in Florida and that is where Plaintiff took possession of the aircraft.

Accordingly, the undersigned finds that by advertising the aircraft to a Florida resident, negotiating the sale of the aircraft with a Florida resident, and delivering the aircraft to a Florida resident in Florida, Defendants had "fair warning that a particular activity would subject [them] to the jurisdiction of a foreign sovereign," and the injury to Plaintiff arose from the activities between Plaintiff and Defendants in the state of Florida. *Burger King Corp.,* 471 U.S. at 472–474; *See Control Laser Corp.*, 130 F.Supp.2d at 1346. This Court's exercise of personal jurisdiction over the Defendants thus comports with due process.

Having determined that Defendants have purposefully established minimum contacts with this State that they should reasonably anticipate being haled into court here, the Court must ensure that the assertion of personal jurisdiction comports with "fair play and substantial justice." *Burger King Corp.,* 471 U.S. at 476. To make this determination, the Court looks at factors such as the burden on the Defendants of defending this lawsuit; Florida's interest in adjudicating the dispute; the Plaintiff's interest in obtaining convenient and effective relief; the interstate judicial systems'

interests in obtaining the most efficient resolution of the controversies; and the shared interest of the states in furthering fundamental substantive social policies. *See id.* at 477. The undersigned finds that those factors weigh in favor of having the Court exercise personal jurisdiction over the Defendants.

The State of Florida has a significant interest in adjudicating a dispute involving a product sold and brought into Florida and to be used in Florida by a Florida resident, particularly where there are allegations of misrepresentations made in Florida. The Plaintiff, a Florida resident, has a great interest in the convenience of litigating in his home state. The burden on the Defendants occasioned by litigating outside of their residence is not slight, but modern methods of transportation and communication reduce this burden significantly. Moreover, this burden is no greater than the burden on Plaintiff to litigate in Arkansas.

## III.   VENUE

According to section 1391(a)(2), a civil action founded on diversity of citizenship may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2) (2002). When venue is challenged, the plaintiff bears the burden of proving that venue is proper in the chosen forum. *See Loudon Plastics, Inc. v. Brenner Tool & Die, Inc.*, 74 F.Supp.2d 182, 187 (N.D. NY 1999).

In analyzing venue, the same contacts that support a finding of personal jurisdiction may be used to support a finding of venue. *Peridyne Tech. Solutions,* 117 F. Supp. 2d at 1366; *CareKeeper Software Dev. Co. v. Silver,* 46 F. Supp. 2d 1366 (N.D. Ga. 1999). Additionally, the plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations. *See Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996).

As stated above, it is undisputed that Plaintiff executed the Bill of Sale in Florida, viewed the advertisement in the Northern District of Florida, negotiated the purchase in Florida, and took possession of the aircraft in the Northern District of Florida. Plaintiff also alleges that Defendant made misrepresentations in the Northern District of Florida. Thus, the undersigned finds that venue is proper in this District. *See Jones v. Tread Rubber Corp.*, 199 F. Supp. 2d 539, 545 (S.D. Miss. 2002) (finding venue proper in Mississippi where "the plaintiff contends that the negotiations leading to contract to purchase the rubber occurred in Mississippi, that the alleged warranties and misrepresentations were made in Mississippi, that the rubber was delivered to and used in Mississippi, and that the allegedly defective rubber remains in Mississippi").

Defendants argue, however, that Plaintiff delivered the funds to Defendants in Arkansas and that the funds were deposited into a bank account in Arkansas. Although certain events may have occurred outside of Florida, the undersigned finds

that a substantial part of the events occurred in Florida.  *See Pesaplastic, C.A. v. Cincinnati Milacron Co.*, 750 F.2d 1516, 1523 (11th Cir. 1985) ("the court should not oppose the plaintiff's choice of venue if the activities that transpired in the district where suit is brought were not insubstantial and the forum is a convenient one balancing the equities and fairness to *each* party").

Accordingly, it is respectfully recommended that Defendants' Motion to Dismiss (ECF Doc. 12) be DENIED.

DONE this 25th day of February 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**